

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GARY R. SCHMIDT,

         Plaintiff,

    v.

BOB LARKIN,

         Defendant.

3:10-cv-00039-RCJ-VPC

**ORDER**

Currently before this Court is Defendant Bob Larkin's ("Larkin") Motion to Dismiss (#2), which was filed on January 21, 2010. Plaintiff Gary R. Schmidt ("Schmidt") failed to file a response to the motion, but appeared to present oral argument before the Court during a hearing on May 20, 2010.

## BACKGROUND

On August 28, 2007, the Washoe County Board of County Commissioners conducted a properly noticed public meeting. Larkin was present at the meeting in his capacity as Chairman of the Board. Larkin had the sole ability to remove an individual from a meeting under circumstances he perceived to willfully disrupt the meeting and prevent its orderly conduct. Schmidt attended the meeting and provided public comment on the agenda item entitled "Approval of the agenda for Board of County Commissioners' meeting of August 28, 2007, including consideration of taking items out of sequence, deleting items and adding items which require action upon a finding that an emergency exists." Schmidt, in making his comments, stated that he "opposed the approval of the agenda because this Board, through

1   the chair, or at least the chair, practices an unwritten, uncodified and un-Washoe Board of

2   County Commission approved ad hoc applause rule." At that point, Larkin informed Schmidt

3   that his comments were not relevant to the agenda item and asked if he had any comments

4   regarding the approval of the agenda.  Schmidt began to speak over Larkin and became

5   progressively louder as Larkin attempted to resolve the issue.  Larkin then called a brief

6   recess of the meeting to have Schmidt removed from the chambers, and Schmidt was not

7   allowed to return to the meeting.

8        Schmidt filed his lawsuit against Larkin in state court on August 28, 2009. Although not

9   clearly articulated in the complaint, Plaintiff appears to assert a violation of his First

10  Amendment rights pursuant to 42 U.S.C. § 1983. The case was removed by Defendant to this

11  Court on January 21, 2010.  Defendant has moved to dismiss the Complaint in its entirety.

12                                          **ANALYSIS**

13  **A.     Standard of Review**

14        The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency

15  of the complaint Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under rule

16  12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory

17  or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v.

18  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The court must accept as true all

19  material allegations in the complaint as well as all reasonable inferences that may be drawn

20  from such allegations.  LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000).  The court

21  must also construe the allegations of the complaint in the light most favorable to the

22  nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The court may

23  only grant a motion to dismiss under rule 12(b)(6) if it is certain that the plaintiff will not be

24  entitled to relief u der any set of facts that could be proven under the allegations of the

25  complaint.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

26  **B.     Plaintiff's Failure to Oppose the Motion Warrants Dismissal**

27        Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and

28  authorities in response to any motion shall constitute a consent to the granting of the motion."

                                                2

1    LR 7-2. The failure to follow a district court's local rules is a proper ground for dismissal. <u>See</u>

2    <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to respond to

3    a motion to dismiss). Although Plaintiff's failure to file an opposition constitutes a consent to

4    the granting of the motion, before dismissing a case for failing to follow local rules, the Court

5    must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the

6    court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

7    policy favoring disposition of cases on their merits, and (5) the availability of less drastic

8    sanctions." <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986). In this matter, the

9    balance of factors weighs in favor of dismissal because Defendant has filed a meritorious

10   motion to dismiss on the claims asserted against him.

11   **C.    Plaintiff's Constitutional Rights Were Not Violated**

12          Plaintiff asserts a violation of his First Amendment rights pursuant to 42 U.S.C. § 1983.

13   Plaintiff alleges that Defendant deprived Plaintiff of his "rights to freedom of assembly,

14   freedom of speech, and other civil rights . . . by ejecting Plaintiff from a public meeting of the

15   Washoe County Board of Commissioners." (Complaint (#4), ¶ 3).

16          To determine whether Plaintiff has stated a claim, the Court must consider whether

17   Plaintiff possessed a First Amendment right to remain in the County Commissioners meeting.

18   "Citizens are not entitled to exercise their First Amendment rights whenever and wherever

19   they wish." <u>Kindt v. Santa Monica Rent Control Bd.</u>, 67 F.3d 266, 269 (9th Cir. 1995)

20   (upholding a rent control board's action in ejecting a speaker several times because his

21   conduct disrupted the orderly processes of meetings). Thus, the Ninth Circuit has held that

22   "limitations on speech at [city council and city board] meetings must be reasonable and

23   viewpoint neutral, but that is all they need to be." <u>Id.</u> at 271. In fact, the Ninth Circuit has long

24   recognized that First Amendment rights of expression are more limited during a meeting than

25   in a public forum, such as, for example, a street corner. <u>See</u> <u>Norse v. City of Santa Cruz</u>, 586

26   F.3d 697, 699 (9th Cir. 2009). Moreover, government officials performing discretionary

27   functions are entitled to qualified immunity where they reasonably believe their actions to be

28   lawful. <u>Id.</u> (citing <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001)). The interpretation and the

1   enforcement of rules during public meetings are highly discretionary functions.  Id. (citing

2   White v. City of Norwalk, 900 F.2d 1421, 1426 (9th Cir. 1990) ("[T]he point at which speech

3   becomes unduly repetitious or largely irrelevant is not mathematically determinable. The role

4   of a moderator involves a great deal of discretion.")).

5       Plaintiff has not alleged that Defendant's restriction on his speech at the County

6   Commissioners meeting was unreasonable or based on its content.  Furthermore, under the

7   circumstances described in the motion to dismiss, Defendant's decision to remove Plaintiff

8   from the meeting because of disruptive conduct was reasonable.  Accordingly, the Court finds

9   that Defendant did not violate Plaintiff's constitutional rights.  Even if the Court concluded that

10  Plaintiff's First Amendment rights were violated, it would not have been clear to a reasonable

11  person in Defendant's position that the ejection was unlawful, given the threat of disorder

12  presented by Plaintiff's disruptions.   Thus, Defendant is entitled to a grant of qualified

13  immunity. See Skoog v. County of Clackamas, 469 F.3d 1221, 1229 (9th Cir. 2006) (qualified

14  immunity applies if the officer could have believed, "reasonably but mistakenly . . . that his or

15  her conduct did not violate a clearly established constitutional right")).

16      Plaintiff has failed to state a claim upon which relief may be granted and this action

17  must therefore be dismissed.  Because it would be futile to amend the complaint, it is proper

18  to dismiss without leave to amend.  See Schmier v. U.S. Court of Appeals for the Ninth Circuit,

19  279 F.3d 817, 824 (9th Cir. 2002); see also Shermoen v. United States, 982 F.2d 1312, 1319

20  (9th Cir.1992) ("'[A] district court does not err in denying leave to amend where the

21  amendment would be futile.'").

**CONCLUSION**

22

23      Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to

24  Dismiss (#2) is GRANTED.

25      DATED: This 9th day of June, 2010.

26

27

28      UNITED STATES DISTRICT JUDGE

4